UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH GIVENS,   CASE NO.:

    Plaintiff,

vs.

SUN POINT AUTOMOTIVE, INC.,
A FLORIDA CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH GIVENS, by and through the undersigned attorney, sues the Defendant, SUN POINT AUTOMOTIVE, INC., a Florida Corporation, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, unpaid minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and Article X, Section 24 of the Florida Constitution.

### General Allegations

2. Plaintiff worked as a tow truck driver for Defendant from approximately February 2016 to February 2017.

3. Plaintiff worked for Defendant performing tows in and around Hillsborough County, Florida.

1

4. Plaintiff was initially paid approximately $300 per week plus some commissions.

5. Then, Defendant changed the pay practice where Plaintiff was paid $15 per hour for 40 hours for a total of $600 per week.

6. Defendant, SUN POINT AUTOMOTIVE, INC., is a Florida Corporation that operates and conducts business in, among other locations, Hillsborough County, Florida and is therefore, within the jurisdiction of this Court.

7. This action is brought under the FLSA and Florida law to recover from Defendant overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA, the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq., and supplemental jurisdiction over Plaintiff's Florida Constitution claims pursuant to 28 U.S.C. §1367.

9. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

10. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were vehicles, tow trucks, telephones, office supplies and furniture, and others goods, materials and supplies which originated from outside the state of Florida.

12. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

### FLSA and Florida Constitution Violations

13. At all times relevant to this action, Defendant failed to comply with the FLSA and Florida Constitution by failing to pay Plaintiff any overtime compensation whatsoever and by failing to ensure that Plaintiff received appropriate minimum wages.

14. During his employment with Defendant, Plaintiff often worked twelve hour shifts approximately six days per week.

15. On numerous days, Plaintiff would also work beyond when his shift ended.

16. Initially, Defendant would only pay Plaintiff approximately $300 per week with some commissions.

17. Defendant would pay these commissions on top of this base pay if Plaintiff's tows generated enough commissions to cover the base pay.

18. However, Plaintiff received no overtime compensation in addition to his base pay and commission pay for the overtime hours worked.

19. Also, in many weeks, Plaintiff was paid so little in commissions that his total compensation (base pay and commissions) resulted in a regular rate of pay that feel below both the federal and state minimum wage.

20. During his employment, Defendant changed Plaintiff's pay to $15 per hour for 40 hours, for a total of $600 per week.

21. However, Plaintiff still worked the same overtime hours as previously but did not receive any pay above 40 hours.

22. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

24. Plaintiff was a non-exempt employee entitled to be paid overtime compensation during his employment with Defendant.

25. While working with Defendant, Plaintiff routinely worked overtime hours but did not receive overtime compensation in addition to his base pay and commissions for the overtime hours worked by him. *See* ¶¶ 13-21.

26. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

27. Defendant did not have a good faith basis for its failure to pay Plaintiff any overtime compensation.

28. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

29. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JOSEPH GIVENS, demands judgment against

Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

31. Plaintiff was a non-exempt employee entitled to be paid the applicable minimum wage for all hours worked.

32. During his employment with Defendant, Plaintiff was often paid so little in total compensation that his regular rate of pay fell below the applicable minimum wage when compared to all hours he worked on a weekly basis. *See* ¶¶ 13-19.

33. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff the applicable minimum wage, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

34. Defendant did not have a good faith basis for its failure to pay Plaintiff the proper minimum wages for each hour worked.

35. Defendant willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206, and is entitled to liquidated damages.

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JOSEPH GIVENS, demands judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory

relief, and any and all further relief that this Court determines to be just and appropriate.

**COUNT III - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)**

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

38. Plaintiff was a non-exempt employee entitled to be paid the applicable minimum wage for all hours worked.

39. During his employment with Defendant, Plaintiff was often paid so little in total compensation that his regular rate of pay fell below the applicable minimum wage when compared to all hours he worked on a weekly basis. *See* ¶¶ 13-19.

40. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff the applicable minimum wage, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

41. Defendant did not have a good faith basis for its failure to pay Plaintiff the proper minimum wages for each hour worked.

42. Defendant willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to Art. X, Sec. 24 of the Florida Constitution, and is entitled to liquidated damages.

43. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JOSEPH GIVENS, demands judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory

relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 9th day of May, 2017.

_____
C. Ryan Morgan, Esq.
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 425-8171
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*